Per Curiam.

Petitioner’s single contention is that since the burglary and larceny arose from the same transaction the larceny was a part of the burglary, and that when he was acquitted of the burglary he could not be convicted of the larceny.
The elements of burglary and larceny are different. Burglary requires a breaking and entering in the night season with intent to steal property of any value or commit a felony. Section 2907.10, Revised Code.
The elements of larceny under Section 2907.20, Revised Code, are that one shall not steal the property of another.
Thus the conviction or acquittal on either of these counts would not bar prosecution for the other. In Breese v. State, 12 Ohio St., 146, 151, it is said, speaking of an indictment charging both burglary and larceny in a single count, “it is nevertheless clear, that if acquitted of the burglary, the prisoner may be convicted and sentenced for the larceny.”
There is no question in the instant case that the petitioner was convicted by a court of competent jurisdiction, whose jurisdiction had been invoked by a valid indictment charging the petitioner with statutory offenses. Under such circumstances, even if errors or other irregularities occurred during the trial or in the judgment, the remedy is not by habeas corpus but by appeal. Ex parte Van Hagan, 25 Ohio St., 426, and McConnaughy v. Alvis, Warden, 165 Ohio St., 102. Petitioner lias shown no deprivation of any constitutional *561 right, nor has he shown any lack of jurisdiction in the trial court over either his person or the offense.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.